UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raybo Lee Williams, #341305, | ) | C/A No.  4:13-149-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Dr. Thomas A. Moore, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Raybo Lee Williams (Plaintiff), proceeding *pro se*, brings this action pursuant

to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at the MacDougall Correctional Institution, a facility

of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis*

under 28 U.S.C. § 1915.  The complaint names an SCDC employee as Defendant.[2]  The complaint

should be dismissed because this Court lacks jurisdiction to hear Plaintiff's claims.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

§ 1915A; and the Prison Litigation Reform Act,  Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25

(1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972),

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

## Background

According to his complaint, Plaintiff started his sentence at the Kirkland Reception and Evaluation Center.  During the standard intake examination, Nurse Practitioner Richard Mann, Jr., found two areas on Plaintiff's right shoulder that he suspected was cancer.  After Dr. Richard Bearden, Jr., confirmed this finding, Dr. Crabbe excised the cancerous areas from Plaintiff's shoulder.  After the surgery, Dr. Crabbe assured Plaintiff that the procedure had gone well and that routine healing would take no more than seven to fourteen days.

Six days after the surgery, Plaintiff fell ill and developed a fever of 103 degrees.  Defendant Dr. Thomas A. Moore, Jr., and nurses examined Plaintiff and found a very serious infection.  Dr. Moore and a second doctor re-opened the incision on the back of Plaintiff's right shoulder and installed packing.  The incision ultimately took three months and five days to heal, during which Plaintiff experienced "agonizing daily pain, sickness, and unnecessary agony."  (ECF No. 1, at 4.)  Plaintiff now feels insecure about the appearance of his shoulder, which has caused him "a lot of mental and emotional distress."  (*Id.* at 6.)  Plaintiff no longer has normal function or movement in his right shoulder, and cannot perform work or recreational activities.

Plaintiff claims that the infection resulted from not being given antibiotics after his surgery and "due to the improper medical attention previously given to [him] by the[] doctors and medical supervisors and staff at Kirkland."  (*Id.* at 5.)  He asks this Court to grant him monetary damages of $375,000,000.

## Discussion

Even if Plaintiff sufficiently alleges a medical negligence claim in his complaint, he fils to allege a federal cause of action.

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "'involve the unnecessary and wanton infliction of pain.'"  *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . .  We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, [428 U.S. 153, 173 (1976),] (joint opinion), proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle v. Gamble*, 429 U.S. at 103–05 (footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the Court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 106.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990).  In that case, the Court noted that treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. . . .  Nevertheless, mere negligence or malpractice does not violate the eighth amendment." *Id.* at 851–52 (citations omitted).  Unless medical needs were serious or life

threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle v. Gamble*, *supra*; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983, *Estelle v. Gamble*, *supra*; negligence, in general, is not actionable under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (in applying *Daniels* and *Ruefly*, holding, "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct ...."). Secondly, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). Similarly, medical malpractice is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *see also Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (holding that, although prior to the Supreme Court's decision in *Farmer v. Brennan*, *supra*, several courts held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise"); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir. 1990); *Smart v. Villar*, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal). Thus, even if Plaintiff sufficiently alleges that Defendant's actions somehow constituted medical negligence or medical malpractice, these are not actionable under § 1983.

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiff's complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction.  Specifically, this Court can decline to continue the action as to the pendent claim(s) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

<div align="center">Recommendation</div>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

<div style="margin-left:50%">
s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge
</div>

February 6, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

<div align="center">

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503

</div>

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).