IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raybo Lee Williams, #341305, ) | Civil Action No.: 4:13-149-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Dr. Thomas A. Moore, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Raybo Lee Williams ("Plaintiff") is an inmate at the MacDougall Correctional Institution in Ridgeville, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis,* filed a complaint on January 16, 2013, pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asks the Court to grant him monetary damages in the amount of $375,000,000 for negligent medical care which allegedly caused him pain and suffering, loss of range of motion, and permanent disfigurement of his right shoulder. (ECF No. 1 at 11).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, as well as applicable case precedents. On February 6, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") in which he recommended that Plaintiff's complaint be summarily dismissed. The Magistrate Judge determined that even if Plaintiff's complaint sufficiently alleges a medical negligence claim, he fails to allege a federal cause of action since medical negligence or malpractice claims are not actionable under 42 U.S.C. § 1983. (ECF No. 12.) The Magistrate Judge also recommended that this Court decline to exercise jurisdiction over the pendent state law claims if the Court dismissed the claims

over which it has original jurisdiction. (ECF No. 12 at 6.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 12 at 7.) Plaintiff filed no objections to the Report and Recommendation and the time for doing expired on February 25, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Although Plaintiff did not file objections to the Magistrate Judge's Report, Plaintiff filed a Motion for Reconsideration of Appointment of Counsel as well as Correction of Claim on February 19, 2013. (ECF No. 15.) In his motion, Plaintiff asks that the Court reconsider its order (ECF No. 11) denying Plaintiff's motion for appointment of counsel. (ECF No. 15 at 1.) Plaintiff also seeks to correct his claim to clarify that he is requesting $375,000 instead of $375,000,000 in damages. (ECF No. 15 at 1.) Plaintiff also asks for a better explanation of why this Court lacks jurisdiction as well as more time to prepare his case. (ECF No. 15 at 2). Even reading Plaintiff's motion and request liberally in an effort to find a specific challenge to the Magistrate Judge's Report, the Court

finds that Plaintiff has not stated anything that would make this Court find any error in the Magistrate Judge's analysis and recommendation of dismissal in this case. The Magistrate Judge's analysis and recommendation were thorough and detailed and this Court finds no error.

To the extent, Plaintiff's motion can be construed as a request for leave to amend his complaint, the motion is denied. While leave to amend should be freely given "when justice so requires" pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff includes no facts to support an inference that any amendment would cure the defects in Plaintiff's original complaint. Thus, the Court believes such an amendment would be futile. Accordingly, Plaintiff's request for an extension of time in which to prepare his case is also denied.

Finally, to the extent Plaintiff's motion for reconsideration of the Magistrate Judge's order denying his Motion to Appoint Counsel is intended as a Rule 72(a) Objection directed to this Court, this request is also denied. The law is clear that there is no right to appointed counsel in §1983 cases. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir.1975). Under 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir.1971). Such an appointment, however, "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975). Upon review of the record, the Court finds no exceptional or unusual circumstances which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney was not appointed.

After careful review of the record, the applicable law, and the Report and Recommendation in the case, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly the Report and Recommendation is incorporated herein by reference. It is therefore ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without service of process. Any

outstanding motions are deemed moot.

     IT IS SO ORDERED.

                                          /s/ Mary G. Lewis
                                          United States District Judge

Spartanburg, South Carolina
March 12, 2013